IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MODEST T. FOSTER,**

                **Plaintiff,**

    v.                                  **CASE NO. 12-3213-SAC**

**ANDREW T. LANGDON, et al.,**

                **Defendants.**

**O R D E R**

This matter comes before the court on a pro se complaint seeking relief under 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 is provisionally granted, subject to modification if there is any showing that plaintiff has sufficient financial resources to pay the district court filing fee and costs of this action.[1]

Plaintiff seeks damages and injunctive relief on allegations of constitutional deprivation related to plaintiff's arrest and pretrial confinement on charges of aggravated assault and domestic battery. *See State v. Foster*, Shawnee County District Court Case 12-CR-321. The defendants named in the complaint are Topeka Police Department (TPD) Sgt. Andrew Langdon, TPD Officer Morgan Bracken, TPD Officer Gregory Pert, Shawnee County Sheriff Department (SCSD) Capt. Lance

---

[1] It does not appear that plaintiff was a prisoner when he initiated this action on October 3, 2012, with a complaint and undated civil cover sheet. The court notes, however, that plaintiff's motion for leave to proceed without prepayment of fees is dated May 4, 2012, is submitted on a form motion for use by prisoners, and is supported by the inmate financial records required of a prisoner seeking leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(2).

Royer, SCSD Sgt. Matt Biltoft, Shawnee County Corrections Director Richard Kline, Corizon – as the heath care provider for Shawnee County Correctional Facility, Shawnee County District Attorney (DA) Chadwick Taylor, Assistant DA Joshua Smith, Assistant DA Emily Yessen, the City of Topeka, Shawnee County, and the State of Kansas.

Plaintiff first claims defendants Pert, Bracken, Biltoft, and Royer violated the Fourth Amendment by coercing a written statement from the alleged victim.  Second, plaintiff claims these same defendants violated the Fifth Amendment by confining and questioning him without reading him his *Miranda*[2] rights.  And third, plaintiff claims various defendants[3] acted with deliberate indifference to his medical needs in violation of the Fourteenth Amendment, K.S.A. 21-3425, and 28 U.S.C. § 1986.

Having reviewed the complaint, the court finds it is subject to being summarily *dismissed* because plaintiff's allegations state no claim upon which relief can be granted under 42 U.S.C. § 1983.[4]

*Fourth and Fifth Amendments*

Plaintiff cites his preliminary hearing on March 20, 2012, on charges of aggravated assault and domestic battery, and the dismissal

---

[2]  *See Miranda v. Arizona,* 384 U.S. 436 (1966).
[3]  On this claim plaintiff references Corizon, the Shawnee County Correctional Facility, Kline, Taylor, Smith, Yessen, the City of Topeka, Shawnee County, and the State of Kansas.
[4]  Nor is there any legal basis for granting relief under the K.S.A. 21-3425 or 42 U.S.C. § 1986.
    K.S.A. 21-3425, repealed effective July 1, 2011, now recodified at K.S.A. 21-5416, makes mistreatment of a confined person a class A person misdemeanor.  A private litigant, however, has no authority to initiate a criminal action, and alleged violations of a criminal statute do not give rise to a private right of action.  *See e.g. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").
    While 42 U.S.C. § 1986 authorizes an action against individuals failing to take action or correct a conspiracy "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus," 42 U.S.C. § 1985(3), no such conspiracy is alleged or evident in this case.

of those charges on May 9, 2012, prior to any trial to the court or a jury.

Plaintiff's Fourth Amendment claim fails as a matter of law because plaintiff has no standing to assert the violation of the alleged victim's rights under the Fourth Amendment. *See Doyle v. Oklahoma Bar* Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993)("[O]ne does not have standing to assert a violation of rights belonging to another, since the person entitled to a right is the only one who can be directly injured by its deprivation.").

Plaintiff's Fifth Amendment claim also fails because no statement made by plaintiff during custodial interrogation was used against plaintiff at trial. The Constitution only guarantees plaintiff "the right to be free from self-incrimination," not the right to receive *Miranda* warnings. *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir.1976). An officer's failure to give *Miranda* warnings is not a Constitutional violation when un-Mirandized statements are not used in court. *See id.; Lucero v. Gunter*, 17 F.3d 1347, 1350–51 (10th Cir.1994).

*Deliberate Indifference*

"Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same degree of protection against denial of medical care as that afforded to convicted inmates under the Eighth Amendment." *Estate of Hocker by Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir.1994). Thus a pretrial detainee's claim that he received inadequate medical treatment while he was in jail is evaluated under the standard of "deliberate indifference to serious medical needs." *Id.* (quotation omitted).

In the present case, plaintiff alleges only that medical care was delayed or denied during his pretrial confinement, which caused some unidentified condition to worsen. This bare allegation is insufficient to provide a factual basis for plausibly finding that any defendant personally participated in denying plaintiff necessary medical care, or acted with deliberate indifference to a serious medical need of plaintiff. *See Bell Atlanta Corp. v. Twombly*, 550 U.S. 544, 555 (2007)( A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level.") Accordingly, absent amendment of the complaint, plaintiff's conclusory Fourteenth Amendment claim of deliberate indifference is subject to being summarily dismissed. *See Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir.1991)( "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.").

Plaintiff is further advised that a constitutional claim of deliberate indifference against a municipality or corporation requires a showing that necessary medical treatment was denied or delayed pursuant to a municipal or corporate policy or custom. *Monell v Department of Social Services*, 436 US 658 (1978); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194 (10th Cir.2003).

*Eleventh Amendment*

Additionally, plaintiff's claim for damages against the State of Kansas is barred by the Eleventh Amendment.

But for limited exceptions not applicable in this case, the Eleventh Amendment prohibits a citizen from filing suit against a

state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.2002). "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir.2007)(citation omitted). The State of Kansas has not waived immunity under 42 U.S.C. § 1983, nor has its immunity been abrogated for § 1983 lawsuits. *See Saunders ex rel. Rayl v. Kan. Dept. of Social and Rehabilitation Services*, 317 F.Supp.2d 1233, 1241 (D.Kan.2004).

### Notice and Show Cause Order to Plaintiff

For the reasons stated herein, plaintiff is directed to show cause why the complaint should not be summarily dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). *See Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005)(28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss the complaint of a party proceeding in forma pauperis whenever the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir.2000)(§ 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997)(§ 1915(e) is not restricted to actions brought by prisoners), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The failure to file a timely response may result in the complaint being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days

to show cause why the complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

DATED:  This 16th day of October 2012 at Topeka, Kansas.

                                       s/ Sam A. Crow
                                      SAM A. CROW
                                      U.S. Senior District Judge