IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**MODEST T. FOSTER,**

                **Plaintiff,**

    v.                                      CASE NO. 12-3213-SAC

**ANDREW T. LANGDON, et al.,**

                **Defendants.**


## O R D E R

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983, seeking damages and injunctive relief on allegations of constitutional deprivation related to plaintiff's arrest and pretrial confinement on charges of aggravated assault and domestic battery that were subsequently dismissed.[1] Following the court's initial screening of the complaint pursuant to 28 U.S.C. § 1915A(a), the court directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

*Fourth and Fifth Amendments*

Plaintiff seeks damages on allegations that Topeka Police Officers Pert, Bracken, Biltoft, and Royer violated the Fourth, Fifth, and Fourteenth Amendments in securing the victim's confession and in their interrogation of plaintiff. The court found plaintiff presented no factual or legal basis for these claims. In response,

---

[1] *See State v. Foster*, Shawnee County District Court Case 12-CR-321. Plaintiff states the charges were dismissed May 9, 2012, approximately seven weeks after plaintiff's preliminary hearing on March 20, 2012. Because the address reported by plaintiff in his complaint is the address of the Shawnee County Adult Detention Center, the court presumes plaintiff was a "prisoner" as defined by 28 U.S.C. § 1915(h) when he filed his complaint on October 3, 2012.

plaintiff reasserts legal arguments the court has found to lack legal merit. Thus for the reasons stated by the court on October 16, 2012, these claims and defendants Pert, Bracken, Biltoft, and Royer are summarily dismissed. 28 U.S.C. § 1915A(b).

*Eleventh Amendment*

The court further found the Eleventh Amendment barred plaintiff's suit against the State of Kansas. Plaintiff's response fails to address this Eleventh Amendment bar. Accordingly, the court dismisses the State of Kansas as a defendant.

*Delayed Medical Care*

Plaintiff also claims various defendants[2] acted with deliberate indifference to his medical needs in violation of the Fourteenth Amendment.[3] The court found plaintiff's vague and bare allegation of being denied necessary medical care for a serious condition was too vague to state a cognizable constitutional claim of deliberate indifference to plaintiff's medical needs.

In response, plaintiff cites delayed medical treatment for his diabetes, and claims the delayed treatment caused him physical harm.

"Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same degree of protection against denial of medical care as that afforded to convicted inmates under the Eighth

---

[2] On this claim plaintiff references Corizon (identified as the heath care provider for Shawnee County Correctional Facility), the Shawnee County Correctional Facility (not named as a defendant, and an entity not subject to suit), Shawnee County Corrections Director Richard Kline, Shawnee County District Attorney Chad Taylor, Shawnee County Assistant District Attorneys Joshua Smith and Emily Yessen, the City of Topeka, Shawnee County, and the State of Kansas.

[3] Plaintiff also alleged violations of K.S.A. 21-3425, and 28 U.S.C. § 1986, but an alleged violation of a state statute provides no basis for relief under § 1983, and plaintiff's conclusory claim of discrimination is insufficient to proceed under § 1986. In response plaintiff simply identifies himself and the victim as African American, but provides no factual or legal basis for stating a plausible § 1986 claim.

Amendment." *Estate of Hocker ex rel. Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir.1994). Thus a pretrial detainee's claim that he received inadequate medical treatment while he was in jail is evaluated under the standard of "deliberate indifference to serious medical needs." *Id*. (quotation omitted).

Deliberate indifference to a serious medical need of a prisoner violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To state such a claim, a prisoner must show both that the conditions of his confinement pose "a substantial risk of serious harm," and that officials acted with a "sufficiently culpable state of mind" arising from "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 and 837 (1994). A delay in medical treatment does not constitute a constitutional violation unless it can be shown that the delay resulted in substantial harm. *See White v. Colorado*, 82 F.3d 364, 366-67 (10th Cir.1996); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir.1993).

Here, plaintiff states only that Corizon noted at some point in time that plaintiff was diabetic, that plaintiff was to receive shoes to protect his feet, that "others" either ignored this well accepted standard of care or failed to recognize it was needed. Plaintiff claims this delay in providing necessary treatment caused him to lose his right big toenail and to suffer a swollen leg with a disfiguring deep wound to his left inner heel at some later date(s).

These allegations could be sufficient to warrant a response, but only if plaintiff further amends his complaint to identify which of the remaining defendant(s) personally participated in this alleged misconduct, because a defendant's personal participation is an

essential allegation of a § 1983 claim. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(quotation omitted); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir.2006)("[F]or liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."). Absent such amendment in a timely manner, this remaining count and all remaining defendants are subject to being summarily dismissed as stating no claim for relief.

Plaintiff is reminded that a claim of constitutional deprivation by a municipality such as Shawnee County or the City of Topeka, or by a private entity such as Corizon, requires sufficient facts to plausibly find the deprivation of plaintiff's constitutional rights was pursuant to policy or custom of the municipality or private entity. *See Monell v Department of Social Services*, 436 U.S. 658 (1978); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194 (10th Cir.2003). Plaintiff's bare and broad reference to Corizon having "a checkered past of negligence, indifference, under staffing, inadequate training, or cost cutting," and to Corizon's use of an alleged antiquated x-ray machine, is insufficient. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991)("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

Plaintiff's request for the production of documents in his Shawnee County District Court criminal case, *State v. Foster,* Case No. 12-CR-321, is denied without prejudice as a premature and misdirected request for discovery.

IT IS THEREFORE ORDERED that the State of Kansas is dismissed as a defendant.

IT IS FURTHER ORDERED that Counts I and II in the complaint are dismissed, and that defendants Pert, Bracken, Biltoft, and Royer are dismissed as party defendants in this matter.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to further supplement Count III in his complaint to allege how any of the remaining defendants personally participated in this alleged violation of plaintiff's rights under the Fourteenth Amendment.

**IT IS SO ORDERED.**

DATED:  This 5th day of December 2012 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge