IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MODEST T. FOSTER,

                              Plaintiff,

              v.                              CASE NO. 12-3213-SAC

ANDREW T. LANGDON, et al.,

                              Defendants.



O R D E R

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983, seeking relief on two claims based on allegations of constitutional deprivation related to plaintiff's arrest and pretrial confinement on charges of aggravated assault and domestic battery that were subsequently dismissed,[1] and on one claim of deliberate indifference to his medical needs.

*Screening of the Complaint and Amended Complaint*

The court screened the complaint pursuant to 28 U.S.C. § 1915A(a), and directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.  In response, plaintiff filed an amended complaint.

The court reviewed plaintiff's response and dismissed plaintiff's first and second claims, finding no legal basis for plaintiff's claim for damages against Topeka Police Officers Pert, Bracken, Biltoft, and Royer on allegations that these defendants

---

[1] *See State v. Foster*, Shawnee County District Court Case 12-CR-321.  Plaintiff states the charges were dismissed May 9, 2012, approximately seven weeks after plaintiff's preliminary hearing on March 20, 2012.

violated the Fourth, Fifth, and Fourteenth Amendments in securing the victim's confession and in interrogating plaintiff.   The court also found plaintiff's claims against the State of Kansas were barred by the Eleventh Amendment.

As for plaintiff's remaining third claim – that defendants[2] acted with deliberate indifference to his medical needs – the court found plaintiff's bare allegation of being denied necessary medical care for a serious condition was too vague to state a cognizable constitutional claim of deliberate indifference to plaintiff's medical needs.   In response plaintiff cited delayed medical treatment for his diabetes, but stated only that Corizon noted at some point in time that plaintiff was diabetic, that plaintiff was to receive shoes to protect his feet, and that "others" either ignored this well accepted standard of care or failed to recognize it was needed. Plaintiff claimed this delay in providing necessary treatment caused him to lose his right big toenail and to suffer a swollen leg with a disfiguring deep wound to his left inner heel at some later date.

The court found these allegations could be sufficient to warrant a response but only if plaintiff further amended his complaint to sufficiently identify which of the remaining defendant(s) personally participated in this alleged misconduct.   *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(quotation omitted); *Trujillo v. Williams*, 465 F.3d 1210,

---

[2]On this claim plaintiff references Corizon (identified as the heath care provider for Shawnee County Correctional Facility), the Shawnee County Correctional Facility (not named as a defendant, and an entity not subject to suit), Shawnee County Corrections Director Richard Kline, Shawnee County District Attorney Chad Taylor, Shawnee County Assistant District Attorneys Joshua Smith and Emily Yessen, the City of Topeka, Shawnee County, and the State of Kansas.

1227 (10th Cir.2006)("[F]or liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.").

*Plaintiff's Response*

   *Claims I and II*

   In response, plaintiff filed various pleadings to supplement his complaint as amended, asking for reconsideration of the dismissal of claims I and II. Plaintiff shifts or clarifies his claims to now broadly argue that he was illegally seized and restrained with unnecessary force in violation of the Fourth Amendment, that the police filed a false report, and that his rights under the Fifth Amendment were violated when officers included information in their police report that had been obtained from plaintiff without first advising plaintiff of his constitutional rights. However, plaintiff was taken into custody pursuant to a presumptively valid arrest, and there is no allegation that plaintiff's answers to police questioning about the presence of possible weapons was used against plaintiff in a criminal proceeding in violation of his right against self-incrimination. Accordingly, plaintiff's revised arguments for his first and second claims continue to present no actionable claim for seeking damages under § 1983. Plaintiff's motion for reconsideration is denied.[3]

   Also, to the extent plaintiff may be attempting to seek damages from defendants Taylor, Smith, and Yessen for their involvement in

_____

   [3]Alternatively, plaintiff requests an interlocutory appeal from the court's dismissal of Claims I and II. To the extent plaintiff seeks to appeal the court's dismissal of Claims I and II and/or the court's denial of plaintiff's motion for reconsideration, plaintiff may do so by filing a notice of appeal in the district court within 30 days from the final order and judgment entered this date in this matter. *See* Fed.R.App.P. 4(a)(1)(A).

prosecuting plaintiff on criminal charges, any such claim is barred by established immunity. *See Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994)("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process.")(internal quotations omitted).

*Claim III*

As to plaintiff's claim of being denied treatment for his medical needs, the court finds the supplemented and amended complaint presents no plausible claim of constitutional significance for the purpose of seeking relief under § 1983.

To proceed on this claim plaintiff's pro se allegations, when liberally construed and taken as true, must be sufficient to plausibly establish that the alleged deprivation of medical care was sufficiently serious, and that defendants acted with deliberate indifference to plaintiff's medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1992)(Eighth Amendment claim of deliberate indifference to a prisoner's medical needs requires an objective showing of a sufficiently serious pain or deprivation, and a subjective showing of a defendant's sufficiently culpable state of mind); *Estate of Hocker ex rel. Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir.1994)(same standard applies to a pretrial detainee's claims of inadequate medical care).

In his response, plaintiff documents that on March 1, 2012, Corizon authorized plaintiff to have his own shoes while confined. The shoes were delivered to the facility the next day, but were not given to plaintiff for twelve days. Even if the court presumes the lack of plaintiff's shoes for that period of time contributed to the

accidently injury and/or loss of plaintiff's toenail, plaintiff identifies no defendant as personally participating in delaying plaintiff's acquisition of his shoes. Moreover, notwithstanding plaintiff's submission to the court of his toenail, this identified temporary loss falls far short of establishing the substantial harm required for advancing a deliberate indifference claim based upon delayed treatment. *See White v. Colorado*, 82 F.3d 364, 366-67 (10th Cir.1996); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir.1993).

Plaintiff continues to reference a wound on his left heel. However, he documents that medical attention was provided for this concern, and fails to allege any factual basis for linking the twelve day deprivation of his street shoes to this heel wound.

Plaintiff also provides a single facility grievance in which he complains of low blood sugar due to the lack of evening snacks, swollen legs and feet, blood pressure concerns, fecal drainage, and acid reflux. No response to this grievance is provided, but significantly, plaintiff does not allege continued inattention by any defendant to these medical issues.

And finally, plaintiff identifies no constitutionally significant denial of medical care pursuant to a policy or custom of the City of Topeka, Shawnee County, or Corizon. At best, plaintiff contends these defendants are responsible for employing staff who failed to provide adequate medical care to plaintiff during his confinement in the county facility. This is insufficient to establish an actionable claim for relief against these municipal and corporate defendants. *See Monell v Department of Social Services*, 436 U.S. 658 (1978); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194 (10th

Cir.2003).

In sum, even if the court were to assume plaintiff's medical concerns could demonstrate a serious medical need posing "a substantial risk of serious harm," plaintiff's allegations fail to provide a factual basis for plausibly finding that any named defendant acted with a "sufficiently culpable state of mind" arising from "deliberate indifference to [plaintiff's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 and 837 (1994).

Thus for the reasons stated herein and in the show cause order dated December 5, 2012, the court concludes the complaint as supplemented by plaintiff should be dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that plaintiff's request for reconsideration of the dismissal of Claims I and II is denied, and that the supplemented complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

DATED: This 14th day of February 2013 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge